K. J. Hendricks, Respondent, v. R. T. Davis Mill
Company, Appellant.

Kansas City Court of Appeals, December 5, 1898.

1. **Master and Servant**: TERM OF EMPLOYMENT: EVIDENCE: DE-
MURRER. In this case there was evidence to send to the jury the
question whether the term of employment extended from July to
July, and a demurrer was properly refused.

2. ———: ———: LETTER: INSTRUCTIONS. On the evidence in this
case an instruction telling the jury that the only contract as to the
terms of plaintiff's employment was contained in certain letters is
*held* properly refused, since said letters related to the single feature
of compensation, and there was other evidence of the terms of the
contract and of the meaning of the term, "miller's year," and the
defendant by another instruction submitted to the jury the question
as to whether plaintiff's employment extended from July to July.

*Appeal from the Buchanan Circuit Court.*—Hon. R. E.
Culver, Judge.

Affirmed.

R. A. Brown for appellant.

(1) The court committed error in giving the in-
struction requested by plaintiff. It was clearly erro-
neous. The instruction told the jury that the term of
plaintiff's employment was not determined by the letters
read in evidence, but that they were to determine such
fact from such letters, together with the other evidence
before them. It follows that under the evidence the
instruction should not have submitted to the jury any
verbal arrangements entered into, or attempted to be
entered into between plaintiff and defendant, prior to
the writing of the above letters. Holloway v. Rail-
road, — Mo. App. 53; Edwards v. Smith, 63 Mo. 119;

State ex rel. v. Hoshaw, 98 Mo. 358; Pearson v. Carson, 69 Mo. 550; Jones v. Shipley, 90 Mo. 307; Tracy v. Iron Works, 104 Mo. 103; Boyd v. Paul, 125 Mo. 9; Bast v. Bank, 101 U. S. 93; Kent's Commentaries [13 Ed.], 556. (2) The contract between plaintiff and defendant, if any existed, was in writing. There is no claim of mistake made or fraud perpetrated. Its construction was clearly a question of law for the court. Mantz v. Maguire, 52 Mo. App. 137; Soap Works v. Sayers, 55 Mo. App. 15; Thomas v. Ins. Co., 47 Mo. App. 169; Edwards v. Smith, 63 Mo. 119; Brannock v. Elmore, 114 Mo. 55; Lumber Co. v. Warner, 93 Mo. 374; Chapman v. Railroad, 114 Mo. 542; Clark on Contracts, 564; Fruin v. Railroad, 89 Mo. 397; Hunt & Booth v. Hunter, 52 Mo. App. 263; Mfg. Co. v. Broderick, 12 Mo. App. 378; Moser v. Lower, 48 Mo. App. 85; Morton v. Higby, 38 Mo. App. 467; Willard v. Gas Fixture Co., 47 Mo. App. 1; Belt v. Good, 31 Mo. 129. (3) The jury were left to determine whether defendant had employed plaintiff for a period of one year from the first day of July, 1896. There is no evidence to support any such theory. Mfg. Co. v. Broderick, 12 Mo. App. 378; Eads v. Carondelet, 42 Mo. 113; Bruner v. Wheaton, 46 Mo. 36; Egger v. Nesbit, 122 Mo. 667; Eggleston v. Wagner, 46 Mich. 610; Mfg. Co. v. Lumber Co., 94 Mich. 158; De Jonge v. Hunt, 103 Mich. 94; Siebold v. Davis, 67 Iowa, 560; Sawyer v. Brossart, 67 Iowa, 678; Gilbert v. Baxter, 71 Iowa, 327; Allen v. Kirwan, 159 Pa. St. 612; Clark v. Burr, 85 Wis. 655. The fact that the contract between plaintiff and defendant, if any existed, was but temporary and for an indefinite period of time, would raise no presumption that it was for a year. . Boogher v. Ins.

Co., 8 Mo. App. 533.    (4) There is no evidence prov-
ing, or in any manner tending to prove, that defend-
ant had contracted with plaintiff for a period of one
year from the first day of July, 1896; and the court
committed error in submitting that question to the
jury.    Paddock v. Somes, 102 Mo. 226; State v.
Parker, 106 Mo. 217; Wilkerson v. Eilers, 114 Mo.
245; Wylie v. Waddell, 52 Mo. App. 226; Barker v.
Railroad, 52 Mo. App. 602; Sherrell v. Murray, 49
Mo. App. 233; Jennings v. Zerr & Jennings, 48 Mo.
App. 528.    (5) If there was any evidence of any verbal
agreement, such evidence did not, in any manner con-
flict, and it was the duty of the court to declare its
effect.    Moser v. Lower, 48 Mo. App. 85; Morton v.
Higby, 38 Mo. App. 467; Willard v. Gas Fixture Co.,
47 Mo. App. 1; Belt v. Good, 31 Mo. 129; Brannock
v. Elmore, 114 Mo. 55.

JOHNSON, RUSK & STRINGFELLOW for respondent

(1)    Counsel say "when the contract is reduced to
writing, all verbal arrangements are merged in the
written instrument."    As defendant's counsel says,
"this rule of law is invariably observed."    But this
rule of law contemplates a contract complete and defi-
nite in and of itself.    Hegar v. Hegar, 71 Mo. 610;
Chrisman v. Hodges, 75 Mo. 413; Lumber Co. v. Lum-
ber Co., 39 Mo. App. 214; Greening v. Steele, 122 Mo.
287; Lash v. Parlin, 78 Mo. 392; Norton v. Bohart,
105 Mo. 615; Miller v. Banking Co., 53 Mo. App. 430;
Broughton v. Null, 56 Mo. App. 231; Davis v. Scovern,
130 Mo. 303.    These letters evidently do not embody
all of the terms of the contract upon which they bear,
but deal with the amount of compensation which was
the only thing left open between the parties when they

parted at Chicago a few weeks before that. In such case the conversation is competent. Stephens Evidence, art. 91, p. 146; Colloway v. Henderson, 130 Mo. 77; Thompson, Payne & Co. v. Irwin Allen & Co., 42 Mo. App. 403; Keane v. Beard, 11 Mo. App. 10; Lumber Co. v. Warner, 93 Mo. 374; Ellis v. Harrison, 104 Mo. 270; State v. Dettmer, 124 Mo. 426–433. (2) Defendant in the fourth subdivision of the first point of its brief says there is no evidence of a contract for a year. This point can not be made now, since defendant asked instructions on the theory that there was evidence tending to show a contract for a year, and thereby adopted that theory as its own. Water Co. v. City of Neosho, 136 Mo. 498. Where an error is common neither party can complain. Diel v. Stegner, 56 Mo. App. 535; Fairbanks v. Long, 98 Mo. 628; Tetherow v. Railroad, 98 Mo. 74–85; Fenwick v. Bowling, 50 Mo. App. 516; Miller v. Railroad, 56 Mo. App. 72; Harrington v. Sedalia, 98 Mo. 583; Hardwicke v. Cox, 50 Mo. App. 509; Holmes v. Braidwood, 82 Mo. 610; McGonigle v. Dougherty, 71 Mo. 259; Gates v. Railroad, 44 Mo. App. 488; Davis v. Brown, 67 Mo. 313; Singer v. Dickneite, 51 Mo. App. 245; Neudeck v. Grand Lodge, 61 Mo. App. 97; Toll v. Chapman, 66 Mo. App. 581; Thorpe v. Railway, 89 Mo. 650; Reilly v. Railway, 94 Mo. 611. (3) When a party has submitted a question as one of fact he can not complain that it should have been submitted as one of law. Ellis v. Harrison, 104 Mo. 270; Jennings v. Railroad, 99 Mo. App. 394–399; Berriman v. Marvin, 59 Ill. App. 440; Hart v. Ryder, 16 N. Y. S. 855. (4) While it is not uniformly so held, it is the law in many states that a servant is presumed to have been hired for such length of time as the parties adopt for the estimation of wages. A hiring at a yearly rate is

presumed to be for one year.   14 Am. and Eng. Ency.
of Law, 762; Beach v. Mullin, 34 N. J. L. 343; State
v. Fisher Var. Co., 43 N. J. L. 151; Bascom v. Shillito,
37 O. St. 431; Kellogg v. Ins. Co., 69 N. W. Rep.
(Wis.) 362; Graves v. Lyon Bros. & Co., 68 N. W.
Rep. (Mich.) 985; Bleeker v. Johnson, 51 How. (N.
Y.) Pr. 380; Bacon v. Machine Co., 13 N. Y. S. 359.

SMITH.—The defendant is an incorporated mill
company engaged in the manufacture of the Aunt
Jemima Pan Cake Flour at St. Joseph, in this state.
The plaintiff had been for several years the general
manager of the defendant's business in certain states
east of the Allegheny mountains.   In the month of
November, 1896, the defendant sold to
STATEMENT.   Duryea & Company its eastern business.
On or about the seventeenth of December following
the plaintiff, while en route from New York to St.
Joseph, was met at Chicago by the defendant's general
manager, Mr. Davis, where the latter requested the
plaintiff to either go to Canada or to the southern
states and there take charge of the defendant's flour
business.   This the plaintiff refused to do, insisting
that under his contract of employment his duties were
to be performed only in such of the eastern states as
defendant had been doing business, and because of
plaintiff's refusal to proceed to either one or the other
of the new territories previously mentioned the defend-
ant discharged him from its employment.   It is con-
ceded that for the milling year ending July 1, 1896,
the plaintiff, under his contract of employment, re-
ceived a salary of $3,000 and a certain commission on
sales made by him in his territory.   It seems to be also
in effect conceded that from the first day of July,
1896, until his discharge in December the defendant

paid plaintiff $250 per month or at the rate of $3,000 per annum.

This is a suit by the plaintiff to recover of defendant his alleged salary of $250 per month from the date of his discharge until the first of July, 1897. The plaintiff contends that he was employed by the defendant for the milling year beginning on July 1, 1896, and ending on July 1, 1897, at a salary of $3,000. On the other hand the defendant contends that the plaintiff at the time of his discharge was not employed for any certain or definite period of time, or if so his term of employment ended on the first of January, 1897.

The court by the instructions requested by both plaintiff and defendant left it to the jury to determine from the evidence whether or not there was a contract entered into between the plaintiff and defendant, whereby plaintiff was employed by defendant for one year beginning July 1, 1896, and ending July 1, 1897, to take charge of and manage its business in the territory east of the Allegheny mountains. The evidence adduced consisted of conversations and written correspondence carried on between the plaintiff and the defendant's general manager, and was, as we think, ample to authorize the submission of the issue to the jury. If this evidence did not tend to prove a direct contract, it most certainly did tend to establish facts sufficient to authorize the jury to infer its existence.

The defendant complains of the action of the court in refusing its first and second instructions, which were in the nature of demurrers to the evidence, but in this action of the court we perceive no error.

MASTER and servant: term of employment: evidence: demurrer.

As already stated, the evidence was, as we think, quite sufficient to carry the case to the jury.

The defendant further complains of the action of the court in refusing its third instruction, which was

——: ——: letter: instructions. to the effect that the defendant's letter of September 21, 1896, and that of the plaintiff of the twenty-ninth of the same month and year in reply thereto constituted the only contract shown by the evidence to have existed between plaintiff and defendant as to the terms of plaintiff's employment and that under that contract plaintiff's employment terminated in the month of January, 1897. Now if it be conceded that the letters referred to in this instruction constituted the sole and only contract between plaintiff and defendant, yet we do not think the court erred in refusing such instruction. The defendant's letter presented to plaintiff a formidable array of facts and figures for the purpose of demonstrating that its eastern business would not justify it in paying him $3,000 annual salary with $150 expenses and sixty cents per case commission on sales and in furnishing salesmen, offices, etc. The defendant further proceeds to say in the letter that, "I have concluded, as stated above, that the business will not stand more than $3,000 per year salary and expenses. * * * I do not want to lose your services, yet if I am forced to, and you can not see your way clear to accept the proposition we have made you, we will have to arrange some other plan of handling our business throughout the territory in which you are representing us. I would suggest to you that you go along on the salary we have figured out that we can stand for this season at least and when the business slacks up next January take up the manner of organizing a 'company' on the line you have thought of and then let us make arrangements for the next year." To the defendant's proposition so made the plaintiff in his reply letter stated that "I will have to submit to your proposition and fight it out with you when we find more time."

It is clear from this correspondence that the plaintiff gave his assent to defendant's proposition to pay plaintiff for the current year a salary of $3,000 and $150 per month expenses reserving the right, however, to thereafter insist on a modification of this agreement. The defendant, as has been seen, suggested in his letter to plaintiff that when the seasons business in January slacked up they take up the manner of forming a company for the more economical handling of the defendant's product for the following year. It is clear from these letters as well as from the other evidence adduced that the year referred to in the defendant's letter was that running from July to July. Plaintiff's annual employment had been in that way. It is thus seen that as no modification of the agreement evidenced by the correspondence was ever effected it must follow that plaintiff's salary for the entire year ending July 1, 1897, was $3,000 and expenses. This was the agreement in force at the time the defendant discharged the plaintiff.

It is further disclosed by the evidence that what is known as the "miller's year" begins on the first day of July and hence it may be fairly presumed wherever the term "year" as used by the plaintiff and defendant's general manager, either in their conversation or letters relating to plaintiff's employment, was meant the "miller's year." Even though the only contract existing between plaintiff and defendant was that evidenced by the letters, still we find nothing in them or either of them to justify the trial court in declaring to the jury by an instruction that plaintiff's employment under the contract ended January 1, 1897.

But the contract was not all set forth in the letters. The defendant's counsel at the trial requested plaintiff while testifying to "state what the agreement was as to territory." The letters do not embody every term

of the contract. They only have reference to the amount of plaintiff's compensation. This was the only matter left open when the parties concluded their Chicago interview in the last week of the preceding month of August. That part of the contract requiring plaintiff to take charge of defendant's business in certain designated territory was a material part thereof. If plaintiff's employment was restricted to no particular territory then of course he had no right to refuse to go wherever requested by the defendant. This with other parts of the contract was not established by the letters but by the oral communications disclosed by the evidence. This is not a case where the contract was proved by the writings between the parties and hence the rule invoked by the defendant in respect to the construction of written contracts by the court is inapplicable.

But however all this may be, it is quite a sufficient answer to the defendant's complaint as to the action of the court in refusing its said third instruction to say that it is in no situation to urge the same since, by its instruction number 5, which was given, it requested the court to leave it to the jury to say from all the evidence whether there was or was not a contract between plaintiff and defendant whereby defendant employed plaintiff for the period of one year from July 1, 1896, to July 1, 1897, at $3,000 per year and expenses.

It seems to us the case was fairly tried and that the judgment is for the right party and should be affirmed, which is accordingly so ordered. All concur.